## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JAMES MEDINA,

Plaintiff,

v.                                              No. CV 11-176 JB/WDS

STATE OF NEW MEXICO
DEPARTMENT OF CORRECTIONS,

Defendant.

## ORDER DENYING MOTION FOR APPOINTMENT
## OF COUNSEL

THIS MATTER comes before the court on Plaintiff's Motion For the Appointment of Counsel.  (Doc. 7)  28 U.S.C. §1915(e)(1) provides that the court may request an attorney to represent any person unable to afford counsel.  The Court has broad discretion to appoint counsel for indigents under 28 U.S.C. § 1915(e), and its denial of counsel will not be overturned unless it would result in fundamental unfairness imping on due process rights. *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991).  In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.  *Id.*

At this point the Court sees no basis for the appointment of counsel, however no answer has been ordered and the Court has not received a *Martinez* report in this matter.  Once a *Martinez* report is received the Court will be in a position to more thoroughly evaluate the various factors identified in *Long*, and come to a conclusion regarding appointment of counsel under 28 U.S.C. §1915(e)(1).  Accordingly, the Court orders Plaintiff's  Motion For Appointment of Counsel (Doc. 7) denied

without prejudice.  Once a *Martinez* report has been filed by the Defendant the Court will determine whether counsel should be appointed for Plaintiff under 28 U.S.C. §1915(e)(1).

**IT IS SO ORDERED.**

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**

2