IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES MEDINA,

    Plaintiff,

v.                                                            No. CIV 11-0176 JB/WDS

STATE OF NEW MEXICO
DEPARTMENT OF CORRECTIONS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff James Medina's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed February 18, 2011 (Doc. 1). Medina was incarcerated when he filed the complaint. He appears pro se and is proceeding in forma pauperis. For the reasons below, the Court will dismiss Medina's claims against Defendant State of New Mexico Department of Corrections ("NMDOC")

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing Medina's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Medina's Complaint asserts three claims against Defendant State of New Mexico Department of Corrections. Medina alleges that, during his incarceration, he was convicted of disciplinary charges without a full hearing. He was also placed in segregation and otherwise sanctioned in violation of applicable rules. Medina contends that these actions were retaliatory and defamatory. The Complaint seeks damages and sanctions against "all persons involved in this case."

No relief is available on Medina's allegations against NMDOC. "[Medina] has sued the state and its agency pursuant to § 1983; neither are 'persons' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity -- '[t]he stopper [is] that § 1983 creates no remedy against a State.'" Prokop v. Colorado, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997); Will v. Mich. Dep't of State Police, 491 U.S. 58, 63-64 (1989)). Because NMDOC is not a "person" for purposes of § 1983, Medina's allegations against NMDOC fail to state claims for relief. The Court will dismiss Medina's claims against NMDOC, but will give Medina fourteen days to amend his Complaint to name proper defendants, if any can be added. Failure to comply with this order may result in dismissal of the Complaint.

**IT IS ORDERED** that Plaintiff Medina's claims against Defendant State of New Mexico Department of Corrections are dismissed with prejudice; Defendant State of New Mexico Department of Corrections is dismissed as a party to this action; and, within fourteen days from entry of this order, Medina may file an amended complaint naming individual Defendants and presenting factual allegations against them.

```
                                        _____
                                        UNITED STATES DISTRICT JUDGE
```

*Parties:*

James Medina
Santa Fe, New Mexico

    *Plaintiff pro se*